UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PHILLIP LUCAS | CIVIL ACTION |
| VERSUS | NO. 15-361-JWD-RLB |
| METHANEX USA LLC, ET AL. | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT**

Signed in Baton Rouge, Louisiana, on July 20, 2015.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PHILLIP LUCAS                                            CIVIL ACTION

VERSUS                                                   NO. 15-361-JWD-RLB

METHANEX LOUISIANA, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on Plaintiff's Motion to Remand (R. Doc. 7). The motion is opposed. (R. Doc. 14). After careful review of the pleadings, arguments of the parties, and applicable law, it is the recommendation of the magistrate judge that Plaintiff's Motion to Remand should be **GRANTED**.

### I.  Background

On April 27, 2015, Phillip Lucas ("Plaintiff") filed the instant action in the 23rd Judicial District Court, Ascension Parish, Louisiana, against Methanex USA, LLC ("Methanex") and Jacobs Industrial Services, Inc. (R. Doc.1-1 at 1-3, "Petition"). Plaintiff alleges that while employed by MMR Group, Inc., and working for Methanex, he fell from a set of concrete steps and incurred injuries to "his mind, neck, shoulder, chest, left hand, and right thigh." (Petition, ¶¶ 3, 4, 7). Plaintiff alleges that he had to seek medical treatment for his severe personal injuries. (Petition, ¶¶ 5-6). Plaintiff seeks recovery for pain and suffering, medical expenses, mental anguish, humiliation and aggravation; loss of wages; loss of enjoyment of life; and permanent scarring and disfigurement and permanent injuries. (Petition, ¶ 9).

On May 20, 2015, Plaintiff filed a First Amending and Supplemental Petition for Damages, which replaced "Jacobs Industrial Services Inc." with the entity Jacobs Field Services North America, Inc. ("JFSNA") as a defendant. (R. Doc.1-1 at 12-14, "Amended Petition").

On June 3, 2015, JFSNA removed the action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Notice Removal alleges that Plaintiff is a citizen of Louisiana, Methanex is a citizen of Delaware and Texas, and JFSNA is a citizen of Texas. (R. Doc. 1 at 3). The Notice of Removal alleges that the amount in controversy requirement is satisfied by the face of the Petition. (R. Doc. 1 at 2).[1]

According to Defendants, on June 12, 2015, Plaintiff served JFNSA with a Second Supplemental and Amended Petition for Damages that was filed in state court on or about June 4, 2015. (R. Doc. 14 at 2).

On June 18, 2015, Plaintiff filed the instant motion on the basis that there is no complete diversity and the amount in controversy requirement is not satisfied.[2] Plaintiff seeks costs.

## II. Arguments of the Parties

Plaintiff argues that there is not complete diversity on the basis that Methanex and JFSNA each have a "principal business establishment" in Louisiana. (R. Doc. 7 at 3-4). Plaintiff further argues that the court should consider the citizenship of Cajun Industries, LLC ("Cajun Industries"), an entity that Plaintiff seeks leave to add as a defendant through a separate motion for leave to amend (R. Doc. 6), on the basis that it has a "principal place of business" in Baton Rouge, Louisiana. Plaintiff submits printouts of records from the Louisiana Secretary of State in support of these positions. (R. Docs. 7-1, 7-2, and 7-3).

---

[1] On June 12, 2015, JFSNA filed an Amended Notice of Removal to add Jacobs Industrial Services, Inc. to the caption. (R. Doc. 5).
[2] Plaintiff also filed a Motion for Leave to Amend Complaint to add Cajun Industries, LLC as a non-diverse defendant. (R. Doc. 6). The motion for leave is opposed. (R. Doc. 13).

2

In opposition, JFSNA argues that there is complete diversity because, as alleged in the Notice of Removal, JSFNA is a Texas corporation with a principal place of business in Texas and Methanex is a limited liability company with one member, Methanex Forier, Inc., which is a Delaware corporation with a principal place of business in Texas. (R. Doc. 14 at 3). JFSNA argues that simply because all entities registered to do business in Louisiana must list a "principal business establishment" in Louisiana in their commercial profiles does not establish that they are citizens of Louisiana. (R. Doc. 14 at 4). Furthermore, JFSNA argues that the citizenship of Cajun Industries is irrelevant as it is not a named defendant. (R. Doc. 14 at 4).

With regard to the amount in controversy requirement, Plaintiff argues that it is not facially apparent and Defendants have submitted no "summary judgment type evidence" to establish that it has been satisfied. (R. Doc. 7 at 5-6). JFSNA responds that, as alleged in the Notice of Removal, it is facially apparent that the amount in controversy requirement is satisfied. (R. Doc. 14 at 5). JFSNA further argues that the court should consider Plaintiff's failure to allege that the federal jurisdictional amount is not established. (R. Doc. 14 at 5-6). JFSNA further argues that the court should consider Plaintiff's suggestion in support of remand that the amount in controversy requirement is not satisfied "at this time" as a suggestion that Plaintiff may be claiming "some sort of chronic condition or injury." (R. Doc. 14 at 6).

### III. Law and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must

exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. §1447(c).

### A. Diversity of Citizenship

"The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). The citizenship of each party must be "distinctly and affirmatively" alleged in accordance with § 1332(a) and (c). *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir.1991) (quoting *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)); *see also Getty Oil*, 841 F.2d at 1259 ("We have stated repeatedly that when jurisdiction depends on citizenship, citizenship must be '*distinctly* and *affirmatively* alleged.' ") (citing cases); *B., Inc. v. Miller Brewing*, 663 F.2d 545, 549 (5th Cir. 1981) ("[W]here an out-of-state defendant removes an action from state to federal court, the burden is upon the removing party to plead a basis for federal jurisdiction").[3] If, however, plaintiff makes a good faith

---

[3] This is consistent with the pleading standards of Rule 8 of the Federal Rules of Civil Procedure ("A pleading that states a claim for relief must contain ... a short and plain statement of the grounds for the court's jurisdiction . . . ."). There is no requirement that a party asserting this court's jurisdiction in filing a complaint is required to provide any such supporting documentation.

4

challenge to the factual allegations in the removal notice, then the burden is on the removing defendant to prove the existence of the jurisdictional facts. *See Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986). "In such a circumstance, the removing party may be required to submit some evidence in support of its allegations of citizenship." *Employers Mut. Cas. Co. v. Gemini Ins. Co.*, No. 13-816, 2014 WL 3541296, at *4 (M.D. La. July 17, 2014).

There is no dispute that Plaintiff is a citizen of Louisiana. Accordingly, the only issue is whether either of the named defendants at the time of removal—Methanex and JFSNA—are also citizens of Louisiana.[4] If so, there is not complete diversity of citizenship.

The citizenship of a corporation, such as JFSNA, is determined by the place of incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its "nerve center," meaning "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010). Defendants allege that JFSNA is incorporated in Texas and has its principal place of business in Texas. (R. Doc. 1 at 3). Plaintiff has not presented any good faith challenge to Defendants' assertions regarding the citizenship of JFSNA. Instead, Plaintiff simply alleges that JFSNA has a "principal business establishment" in Baton Rouge, Louisiana, as evidenced by a printout from the Louisiana Secretary of State website. This document does not necessarily identify JFNSA's principal place of business for diversity purposes. *See Harris v. Black Clawson Co.,* 961 F.2d 547, 550 (5th Cir. 1992) (disregarding argument that an annual report filed with the Louisiana Secretary of State listing an address in Louisiana as defendant's principal place of business established that defendant's principal place of business for purposes of diversity jurisdiction was in Louisiana); *McCurdy v. Hydradyne, LLC*, No. 13-cv-2741, 2013 WL

---

[4] Because it is not a named defendant in the removed state court pleadings, the court will not consider the citizenship of Cajun Industries LLC for the purpose of determining its subject matter jurisdiction.

6075376, at *2 (W.D. La. Nov. 18, 2013) (a "principal business establishment" is not a "principal place of business for purposes of diversity jurisdiction"). As Plaintiff does not attempt to explain why Baton Rouge, Louisiana, would serve as JFSNA's "nerve center" for the purpose of establishing federal subject-matter jurisdiction, the court concludes that JFNSA's principal place of business is as alleged for the purpose of determining complete diversity.

The citizenship of a limited liability company, such as Methanex, is determined by the citizenship of each of its members, not its principal office or registered agent. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Defendants allege that the sole member of Methanex is Methanex Forier Inc., a Delaware corporation with a principal place of business in Texas. (R. Doc. 1 at 3). Accordingly, the citizenship of Methanex is Delaware and Texas. For similar reasons as those described above, Plaintiff has not presented any good faith challenge to Defendants' assertions regarding the citizenship of Methanex.

Based on the foregoing, the court concludes that there is complete diversity of citizenship between Plaintiff and the named Defendants (JFSNA and Methanex).

B.  **Amount in Controversy**

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions. La. Code Civ. P. art. 893(A)(1). This prohibition on alleging a specific

6

amount of damages, however, "is not applicable to a suit on a conventional obligation, promissory note, open account, or other negotiable instrument . . ." La. Code Civ. P. art. 893(B).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

Plaintiff claims that he fell from a set of concrete steps and incurred injuries to "his mind, neck, shoulder, chest, left hand, and right thigh." (Petition, ¶¶ 3, 4, 7).[5] Plaintiff alleges that he had to seek medical treatment, but does not identify the scope of that medical treatment in his pleadings. (Petition, ¶¶ 4-6). Plaintiff seeks recovery for pain and suffering, medical expenses, mental anguish, humiliation and aggravation; loss of wages; loss of enjoyment of life; and permanent scarring and disfigurement and permanent injuries. (Petition, ¶ 9). Plaintiff does not, however, identify the extent of the medical expenses he incurred, his profession and wages allegedly lost or the nature of the alleged scarring, disfigurement, and other "permanent" injuries.

"Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for

---

[5] In Paragraph 4, Plaintiff alleges injuries to his "right hand" as opposed to his "left hand." (Petition, ¶ 4).

the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *See Davis v. JK & T Wings, Inc.*, No. 11-501-BAJ-DLD, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, 2010 WL 371027 (M.D. La. 2010); *Nelson v. Wal–Mart Stores, Inc.*, 2009 WL 1098905 (W.D. La. 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, 2008 WL 4822283 (W.D. La. 2008); and *Bonck v. Marriot Hotels, Inc.*, 2002 WL 31890932 (E.D. La. 2002)), *report and recommendation adopted*, 2012 WL 278685 (M.D. La. Jan. 31, 2012). "When, as in the instant case, the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'" *Dunomes v. Trinity Marine Products, Inc.*, No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting *Broadway v. Wal-Mart Stores,* No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

The Petition does not provide sufficient facts for determining the severity of Plaintiff's injuries. Plaintiff alleges various broad categories of damages commonly alleged in personal injury actions. Plaintiff simply does not allege the specific nature of his physical injuries or the treatment he sought. Plaintiff's vague allegation of "personal injuries to his mind, neck, shoulders, chest, left hand, and right thigh" indicates little more than a headache and potential soft tissue damage. There is no allegation that Plaintiff has suffered fractures or other wounds that would require immediate medical attention. There is no indication of treatment received. In the absence of additional factual assertions by Plaintiff regarding the extent or nature of the actual physical injuries suffered, the Petition does not provide enough information for the court to conclude that the amount in controversy is facially apparent. *See Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 850 (5th Cir. 1999).

8

That the Petition does not state, as required by Louisiana Code of Civil Procedure article 893(A)(1), that the damages sought are less than the requisite amount to establish jurisdiction in federal court is a factor that the court can consider. The absence of such a statement, although not alone determinative, may be considered in determining whether the amount in controversy is satisfied. *Johnson v. Macy's Dep't Store*, No. 14-226, 2014 WL 5822788, at *4 (M.D. La. Nov. 10, 2014) (citing *Weber v. Stevenson*, No. 07-595, 2007 WL 4441261, at *4 (M.D. La. Dec. 14, 2007)). Here, given the vague allegations in the Petition and the absence of any significant injuries alleged by plaintiff—be it physical, emotional, or economic—the court places little weight on this omission in the Petition.

Based on the foregoing, the court concludes that the amount in controversy is not facially apparent. Because the amount in controversy is not facially apparent, the court must determine whether the ambiguity regarding the jurisdictional amount at the time of removal has been clarified through the submission of facts in controversy or summary judgment-type evidence.

JFSNA has not submitted any summary-judgment type evidence. JFSNA has not submitted any documents evidencing the severity of Plaintiff's physical injuries. JFSNA has not submitted any documents evidencing Plaintiff's past or ongoing treatment, much less the extent and costs of such treatment. JFSNA has not submitted any documents evidencing Plaintiff's lost wages or other alleged economic damages. In short, JFSNA has not submitted any evidence that Plaintiff has or will suffer from damages that will likely exceed the amount in controversy requirement. In the absence of such evidence, JFSNA has not proven that Plaintiff's claims exceed the jurisdictional requirement.

### C. Plaintiff's Request for Costs and Expenses

Plaintiff requests that JFSNA bear all costs and fees incurred regarding the filing of the Motion to Remand. (R. Doc. 7 at 2). JFSNA does not address this request for costs and expenses in its Opposition.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of costs and expenses under § 1447(c) is discretionary and should only be awarded where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141 (2005). The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997), *cert. denied*, 522 U.S. 977 (1997); *Miranti v. Lee*, 3 F.3d 925, 928-29 (5th Cir. 1993). To be subject to an award of attorney's fees under § 1447(c), a defendant must have played a role in the decision to remove. *Avitts*, 111 F.3d at 32.

Although the court finds that the amount in controversy requirement is not satisfied, the court finds that JFSNA's removal on the basis of diversity jurisdiction was not objectively unreasonable. Furthermore, Plaintiff has raised various frivolous arguments regarding the citizenship of the named defendants. The court does not recommend the imposition of costs and fees.

### IV. Conclusion

While there is complete diversity between the parties, JFSNA has failed to meet their burden of establishing that the amount in controversy requirement is satisfied.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand should be **GRANTED,** with the exception that Plaintiff's request for costs and expenses should be **DENIED**, and the action should be **REMANDED** to the 23rd Judicial District Court, Ascension Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on July 20, 2015.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**